IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP ANTHONY KENNER,
    Plaintiff,

v.

OFFICER JOHN DELOATCH,
    Defendant.

CIVIL ACTION NO.
1:08-CV-446-WSD

## ORDER AND OPINION

Plaintiff, Phillip Anthony Kenner, an inmate currently housed at the United States Penitentiary in Inez, Kentucky, submitted the instant pro se civil action. This matter is presently before the Court on Plaintiff's notice of appeal [Doc. 37], Plaintiff's motion for reconsideration [Doc. 39], and Plaintiff's motion seeking leave to appeal in forma pauperis ("IFP") [Doc. 40].

**I. Background**

In his original complaint filed on February 7, 2008, Plaintiff sued the United States of America pursuant to the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. § 1346(b), §§ 2671-2680. Plaintiff's FTCA claims are based on incidents he alleges occurred during his incarceration at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"). Plaintiff alleged in Count One of the original complaint that on November 22, 2005, Captain Branch, a USP-

AO 72A
(Rev.8/82)

Atlanta official, forced Plaintiff to remove his pants and underwear in cold weather. [Doc. 1 at 3]. Plaintiff further alleged that Captain Branch forced Plaintiff to kiss a hot dog package, which had been removed from Captain Branch's waist band. [Id.]. While not stating a specific damage amount, Plaintiff stated that Captain Branch's conduct caused him to suffer emotional, physical, and mental distress. [Id. at 3-4].

In Count Two of the original complaint, Plaintiff alleged that he suffered physical and emotional trauma as a result of certain prison officials' failure to timely remove stitches from Plaintiff's buttocks following surgery. [Id. at 4-5]. Plaintiff sought $150,000 in damages with respect to his claim in Count Two. [Id. at 5].

In Count Three, Plaintiff alleged that on February 18, 2006, his hands were handcuffed behind his back and that Officer Deloatch, another USP-Atlanta official, punched Plaintiff in the face. [Id. at 5-6]. Plaintiff further alleged that he sustained serious injuries to his right eye and a cut lip as a result of the alleged attack. [Id. at 6]. Plaintiff sought damages in the amount of $50,000 with respect to his claim in Count Three. [Id. at 7].

AO 72A
(Rev.8/82)

By Order entered on April 14, 2008, the Court conducted a frivolity review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, allowing his FTCA claims in Counts Two and Three to proceed. [Doc. 4 at 6]. The Court then dismissed Plaintiff's FTCA claim in Count One for failure to state a claim for relief because Plaintiff had failed to allege any specific facts to indicate that he suffered any physical injury in connection with Captain Branch's conduct. [Id. at 5-6].

On October 2, 2008, Plaintiff moved this Court to reconsider its dismissal of his Count One allegations implicating Captain Branch. [Doc. 12]. Rather than ask this Court to reinstate Count One as a FTCA claim, Plaintiff asserted that his allegations against Captain Branch state a separate Fourth Amendment violation of his right to privacy. [Id. at 2].

On October 2, 2008, Plaintiff filed a related motion seeking leave to amend his complaint, acknowledging that his allegations in the original complaint should not have been construed as FTCA claims. [Doc. 13, Motion to Amend at 2]. Plaintiff contended that his claims arose instead pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Id. at 2-3]. Plaintiff submitted a proposed amended complaint which set forth his

3

Bivens claims against Captain Branch and Officer John Deloatch. [Id. at 1-4]. Plaintiff asked the Court to "Amend his Complaint into a Bivens action." [Id. at 3].

On February 23, 2009, the Court denied Plaintiff's motion for reconsideration to the extent that he did not seek to reinstate his FTCA claim in Count One and thus was not actually seeking reconsideration. [Doc. 16 at 3]. Pursuant to Federal Rule of Civil Procedure 15(a) and in deference to Plaintiff's pro se status, the Court granted Plaintiff's motion for leave to amend the relief he essentially was seeking in his reconsideration motion and deemed his amended complaint filed on October 2, 2008. [Id. at 6, 10]. The Court dismissed all of Plaintiff's FTCA claims against the United States of America, dismissed the United States of America from this action, converted this action into one arising under Bivens, and added Captain Branch and Officer Deloatch as defendants in this case. [Id.].

Plaintiff alleged in the amended complaint that: (1) on November 22, 2005, Captain Branch forced Plaintiff to strip naked in full view of members of the opposite sex and ordered Plaintiff to kiss a pack of hot dogs while he was standing naked; and (2) on February 18, 2006, Officer Deloatch handcuffed Plaintiff and punched him in the face, causing Plaintiff to suffer considerable pain and injuries

4

to his eye. [Doc. 17 at 2-3]. In light of these factual allegations, the Court allowed Plaintiff's Fourth Amendment claim to proceed against Captain Branch and his excessive force claim to proceed against Officer Deloatch. [Doc. 16 at 7-10].

Captain Branch moved to dismiss Plaintiff's Fourth Amendment claim. [Doc. 25-1]. On September 30, 2009, the Court granted Captain Branch's motion and dismissed Plaintiff's Fourth Amendment claim as time barred. [Doc. 31]. The Court explained that Plaintiff's claim against Captain Branch accrued on November 22, 2005, and that his original complaint was filed on February 7, 2008, well after the two-year limitation period had expired. [Id. at 8-9].

Subsequently, Officer Deloatch moved to dismiss Plaintiff's excessive force claim. [Doc. 34-1]. On December 1, 2009, the Court granted Officer Deloatch's motion and dismissed Plaintiff's excessive force claim as time barred. [Doc. 35]. The Court determined: (1) Plaintiff's claim against Officer Deloatch accrued on February 16, 2006; (2) while Plaintiff's original complaint was filed within two years of February 16, 2006, the amended complaint was filed on October 2, 2008; and (3) pursuant to Federal Rule of Civil Procedure 15(c), Plaintiff's amended complaint did not relate back to the date the original complaint was filed. [Id. at 7-10]. Accordingly, on December 1, 2009, the Court entered judgment against Plaintiff. [Doc. 36].

## II. Discussion

### A. Motion for Reconsideration

Plaintiff has filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). [Doc 39]. Plaintiff states that, at the time he filed his original complaint on February 7, 2008, he was not aware that a Bivens action would be the more appropriate remedy against Captain Branch and Officer Deloatch in their individual capacities. [Id. at 2]. Plaintiff contends that his amended complaint should relate back to February 7, 2008, because he simply misidentified in the original complaint the party or parties responsible "by substituting the United States of America in place of the BOP employees." [Id. at 3].

Rule 59(e) expressly authorizes a motion to alter or amend a judgment after its entry. "[T]here are three primary grounds for reconsideration of a judgment: an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Battle, 272 F.Supp.2d 1354, 1357 (N.D. Ga. 2003). "A motion to reconsider must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)).

6

Plaintiff proffers no argument to suggest that his motion for reconsideration is based on an intervening change in controlling law or the availability of new evidence. Plaintiff advances no arguments of "a strongly convincing nature" to cause this Court to reconsider its dismissal of his claims against Defendants as time-barred.

As Plaintiff is aware, "[t]he purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitation purposes when the amended complaint is correcting a mistake about the identity of the defendant." Powers v. Graff, 148 F.3d 1223, 1226 (11th Cir. 1998). Rule 15(c) allows relation back "only of the change is the result of an error, such as misnomer or misidentification." Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (internal quotations and citation omitted). Furthermore, the purpose of Rule 15(c) "does not support relation back in . . . cases where the newly added defendants were known to the plaintiff before the running of the statute of limitations and where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have been sued." Powers, 148 F.3d at 1226.

AO 72A
(Rev.8/82)

Notwithstanding his argument on "relation back," Plaintiff's Fourth Amendment claim against Captain Branch is untimely as the original complaint was filed more than two years after the accrual of such claim. Furthermore, the Court finds that Plaintiff did not misidentify the proper defendants in his original FTCA complaint. Indeed, the United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1).

As found in the December 1, 2009, Order, Officer Deloatch was known to Plaintiff prior to the running of the two-year statute of limitations since he was specifically referenced in the original FTCA complaint. Officer Deloatch should not have known that, but for a mistake by Plaintiff, he would have been sued by Plaintiff as part of an FTCA complaint. Thus, with respect to Officer Deloatch, Plaintiff cannot avail himself of the "relation back" provision of Rule 15(c). See Powers, 148 F.3d at 1227. Accordingly, Plaintiff's motion for reconsideration [Doc. 39] is denied.

### B. Plaintiff's Notice of Appeal and Motion Seeking Leave to Proceed IFP

Plaintiff has filed a notice of appeal and a motion seeking leave to appeal IFP. [Doc. 37 and 40]. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good

AO 72A
(Rev.8/82)

faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs. Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous").

In his notice of appeal, Plaintiff does not explain why the dismissal of his complaint was erroneous. [Doc. 37]. The Court presumes that the reasons for Plaintiff's appeal mirror his arguments raised in the motion for reconsideration. Based on the discussion above and the reasoning set forth in the September 30 and December 1, 2009 Orders, the Court concludes that Plaintiff's appeal is not taken in good faith.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for reconsideration [Doc. 39] is **DENIED**.

The Court hereby **CERTIFIES** that Plaintiff's appeal is not taken in good faith, and leave to proceed in forma pauperis on appeal [Doc. 40] is hereby **DENIED** pursuant to 28 U.S.C. § 1915(a)(3). Further requests to proceed in forma pauperis on appeal should be directed, on motion, to the United States Court of

Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**, this 29th day of December, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

10